ERDMANN, J.
(concurring in part and in the result):
I agree with the majority on all issues other than the nature of the three statements made by Dr. Cooper. In the context of this ease, these statements are improper profiling evidence in that they characterized Senior Airman Traum as a person who would both abuse and kill her natural child.
I recognize the distinction made by the majority between testimony relating to the characteristics of a child victim and the characteristics of an accused. However, testimony that in isolation would not constitute “profiling” evidence may well become “profiling” when heard in the context of a particular case. This is such a ease.
Before the members, Dr. Cooper first stated that “eighty percent of children who die, die from a one[-]time event.” Because there was no evidence of prior abuse and unrefuted evidence that Traum had been alone with her baby prior to the death, this statement had the effect of rendering it 80% likely that Traum was the cause of the “one[-]time event” that resulted in her baby’s death.
Dr. Cooper’s next statement was that “[i]f a child is less than four years of age, the most common cause of trauma death is going *238 to be child maltreatment.” The prosecution had already established that the baby was under four, showed evidence of physical trauma and was alone with Traum during the time any trauma could have been inflicted. In conjunction with the earlier evidence, this statement identified the death as resulting from trauma and identified Traum as the only person who could have inflicted the trauma. These two conclusions were virtually inseparable and the second is clearly beyond the realm of permissible expert testimony.
As noted by the majority, Dr. Cooper’s final statement is certainly the most troublesome: “Overwhelmingly, the most likely person to kill a child is going to be his or her own biological parent.” Contextualized, Dr. Cooper’s statement meant that Traum, as the biological parent, was overwhelmingly the most likely person to have killed her child. An expert may not testify that the accused committed the crime being tried, and Dr. Cooper should not have been permitted to do through presentation of “information or data” that which she could not have done through direct testimony. See United States v. Diaz, 59 M.J. 79, 92 (C.A.A.F.2003)(noting “fundamental rule of law that experts may not testify as to guilt or innocence”).
In United States v. Banks, 36 M.J. 150, 161 (C.M.A.1992), this Court condemned “use of any characteristic ‘profile’ as evidence of guilt or innocence in criminal trials.” We defined the nature of such improper profile evidence to go beyond character evidence per se:
Inadmissible profile evidence does not merely address a profile where the factors relate only to a “character trait” of the accused. The factors in the profile may be any information or data so as to place appellant in an alleged “group” of persons who have committed offenses in the past.
Id. at 163. While all three of Dr. Cooper’s statements constitute “profiling” evidence, taken together they certainly could cause the members to classify Traum as a child abuser and killer. Consistent with our holding in Banks, these statements carry the danger of prejudice “greatly” outweighing any probative value the information may have. Id. at 161. Evidence such as this turns the trial of criminal charges away from one of facts to “a litmus-paper test for conformity with any set of characteristics, factors, or circumstances.” Id.
Finally, in this case the military judge admitted the three statements because it was “counterintuitive” that a parent would be involved in the death of his or her child. This ruling reveals that the military judge admitted the evidence not to show that the child’s death was a crime, but to show specifically that the parent was the perpetrator. The very purpose for which the statements were admitted was to identify Traum as one of a very limited group who would kill her child based on probabilities and inferences rather than upon the facts of the case.
Nevertheless, for the same reasons that the majority found the error with respect to the admission of Dr. Cooper’s third statement to be harmless, I find that the error relating to the admission of all three statements to be harmless. Therefore, I join in affirming the decision of the court below.